UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE LEON DONAHOO, #513568

    Petitioner,                                      Case Number 2:22-cv-11019

v.                                                HON. BERNARD A. FRIEDMAN

JAMES CORRIGAN,

    Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner Eddie Leon Donahoo, confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, he challenges his conviction for second-degree murder, M. C. L. A. § 750.317. Respondent filed an answer. As part of the answer, respondent indicates that the petition contains several claims that were not exhausted with the state courts. In lieu of dismissing the petition without prejudice, this Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to exhaust these claims. If this fails, the petition will be dismissed without prejudice.

1

# I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed. *People v. Donahoo*, No. 346514, 2020 WL 6228023 (Mich. Ct. App. Oct. 22, 2020); *lv. den.* 959 N.W.2d 489 (Mich. 2021).

Petitioner filed a *pro se* petition for a writ of habeas corpus seeking habeas relief on the following grounds:

> I. Whether Cliff Woodards bar no: 60661 denied Mr. Donahoo his 1st amendment, 6th amendment, and 14th amendment inalienable constitutional rights when Clifford Woodards gave Mr. Donahoo's rebuttal witnesses Eddie Sigers phone number 313-778-0741 and Sakoilya Donahoo 248-818-4773 the wrong court dates and did not return their phone calls?
>
> II. Was it procedural default and defects in the trial state court mechanism when defense attorney Clifford Woodards bar no: 60661 colluded to suppress evidence by lying to government official Cynthia Bullington assistant deputy administrator of the Attorney Grievance Commission stating the enclosure did not exist and Mr. Donahoo's father is on a recorded line telling Mr. Donahoo to argue self defense?
>
> III. Whether Mr. Donahoo was prejudiced when defense attorney Mr. Woodard bar no: 60661 failed to develop the fact decedent John Williams was found wearing a hooded sweatshirt with an article that created a bulge in the middle pocket of his hooded sweatshirt that John pretended was a weapon?
>
> IV. Whether it is grievous harm flowing from an error that Mr. Woodard's bar no: 60661 failed to impeach Sheddrick Johnson regarding his irreconcilable testimony being in multiple places at one time and selective memory first observing an argument between John and Eddie on Cass and also Sheddrick's second version as a passerby going up Charlotte toward Cass seeing no one around John and Eddie?

V. Whether Mr. Donahoo was prejudiced when Mr. Woodard's bar no: 60661 failed to inform the province of the jury said witness Sheddrick was in jail on criminal case number 18-[xxxx] *People v. Sheddrick Johnson* and was threatened with longer imprisonment then given a personal one thousand dollar bond by Judge Lydia Adams to testify against Mr. Donahoo?

VI. Whether Mr. Donahoo was prejudiced in light that Judge Lillard bar no: 64230 expressed she believed Mr. Donahoo was lying and not being forthright even though she admitted she did not know if there was an enclosure behind the abandoned building or not, nor did the court attempt to in any effort subpoena Mr. Donahoo's witnesses as Mr. Donahoo requested; and threatened to stop Eddie Donahoo's testimony?

VII. Did petitioner Eddie Leon Donahoo commit murder in light of decedent John Williams following Mr. Donahoo behind an abandoned building at approximately 10:50 p.m. at night in seventy degree weather wearing a hood and a black hat with an article in the middle of his hoodie pocket fashioned as a weapon high on cocaine and drunk on beer according to the NMS Labs positive toxicology report for decedent John Williams?

(ECF 1, PageID.25–27).

Respondent filed an answer to the petition. As part of the answer, respondent argues that petitioner's sixth and seventh claims have not been exhausted with the state courts.

## II. Discussion

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in the federal court. 28 U.S.C. § 2254(b), (c); *see also Picard v. Connor*, 404 U. S. 270, 275-78 (1971).

3

In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See Regan v. Hoffner*, 209 F. Supp. 2d 703, 710, n. 3 (E.D. Mich. 2002) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999)). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but which have not been so raised. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a district court. *Id.* Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004).

A portion of petitioner's sixth claim alleging judicial bias at sentencing was raised by petitioner in his *pro per* Standard 4 Brief on Appeal that petitioner filed in addition to the brief filed by appellate counsel. Petitioner also alleged that the judge made no attempt to subpoena any of petitioner's witnesses. Petitioner made no allegation that the judge tried to stop him from testifying. (ECF No. 22-2,

4

PageID.1858, 1890-91).[1]  In his application for leave to appeal to the Michigan Supreme Court, petitioner alleged in a conclusory fashion that the judge should be investigated for piercing the veil of judicial impartiality but he mentioned nothing about her being biased against him at sentencing or attempting to prevent him from testifying. (ECF No. 22-4, PageID.2006).  Petitioner later alleged that the judge was aware that petitioner had two witnesses who wanted to testify for him but she foreclosed their testimony from being heard.  (*Id.*, PageID.2010).  A review of appellate counsel's brief shows that he raised no judicial bias claims at all, (ECF No. 22-2, PageID.1746-93), nor did he raise any such claim in his brief in support of a motion to remand.  (ECF No. 22-1, PageID.1574-1621).

Petitioner's claim that the judge was biased towards him at sentencing is not fully exhausted because he raised this claim only before the Michigan Court of Appeals but not the Michigan Supreme Court.  A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).  Because petitioner failed to raise this claim before the Michigan Supreme Court as part of the direct appeal process, the claim is

---

[1] Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry*, 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

unexhausted. *See, e.g.*, *Rupert v. Berghuis*, 619 F. Supp. 2d 363, 367 (W.D. Mich. 2008).

In addition, it does not appear that petitioner raised a judicial bias claim based on the judge's alleged threats to stop petitioner from testifying either before the Michigan Court of Appeals or the Michigan Supreme Court. The mere fact that petitioner raised other judicial bias claims on his direct appeal would be insufficient to exhaust his claim that the judge engaged in misconduct by attempting to prevent petitioner from testifying. A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012). The portion of petitioner's sixth claim alleging that the judge pierced the veil of impartiality by threatening to prevent him from testifying is unexhausted because it was never presented to the state courts.

Petitioner's seventh claim alleging the insufficiency of evidence to convict is unexhausted because it was never presented to the state courts by either appellate counsel or petitioner in his Standard 4 Brief before the Michigan Court of Appeals.

Petitioner did make brief references in his *pro se* application for leave to appeal before the Michigan Supreme Court that he acted in self-defense but he did not specifically raise a sufficiency of evidence claim in the headings for New Issues II and III, the issues that these arguments appear under, nor did he specifically argue that the evidence was insufficient to convict him of the murder. (ECF No. 22-4, PageID.2012, 2016-17, 2024-25). Petitioner made these arguments only in the context of arguing that the judge refused to subpoena his witnesses, that counsel was ineffective, or that exculpatory evidence had been withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and not as an independent sufficiency of evidence claim.

A litigant must file an application for leave to appeal to the Michigan Supreme Court that includes the following:

  (a) a statement identifying the judgment or order appealed and the date of its entry;

  (b) the questions presented for review related in concise terms to the facts of the case;

  (c) a table of contents and index of authorities conforming to MCR 7.212(C)(2) and

  (d) a concise statement of the material proceedings and facts conforming to MCR 7.212(C)(6);

  (e) a concise argument, conforming to MCR 7.212(C)(7), in support of the appellant's position on each of the stated questions and establishing a ground for the application as required by subrule (B); and

7

  (f) a statement of the relief sought.

Mich. Ct. R. 7.305(A)(1).

  Petitioner did not fairly present any sufficiency of evidence claim to the Michigan Supreme Court because his insufficiency of evidence claim was not referenced by name in his application for leave to appeal. *Robinson v. Horton*, 950 F.3d 337, 345 (6th Cir. 2020). In addition, a habeas petitioner's "sporadic and undeveloped allusions" to a claim do not satisfy the exhaustion requirement. *Vasquez v. Jones*, 496 F.3d 564, 568 (6th Cir. 2007).

  Petitioner made the argument that he acted in self-defense as part of claims that he wished to raise as new issues for the first time before the Michigan Supreme Court. (ECF No. 22-4, PageID.2005, 2006). However, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner failed to present any insufficiency of evidence claim on his appeal before the Michigan Court of Appeals, thus, any subsequent presentation of this claim to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011). Petitioner's seventh claim is unexhausted.

  Although a federal court has the discretion to deny an unexhausted claim on the merits, as respondent urges, this Court declines to do so because respondent

8

failed to show that the claims are plainly meritless. *See, e.g.*, *Wagner v. Smith*, 581 F.3d at 419-20; *Hickey v. Hoffner*, 701 F. App'x 422, 426 (6th Cir. 2017).

The Court's concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one-year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for a writ of habeas corpus following the exhaustion of these issues in the state courts. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). A federal district court has the discretion to stay a habeas petition containing unexhausted claims in order to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his completely exhausted petition. *See Rhines v. Weber*, 544 U.S. 269, 272-78 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith*, 581 F.3d at 419. Further, petitioner could assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.*,

9

at 419, nn. 4 and 5.  Petitioner also has good cause for failing to raise any ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first opportunity that he had to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty (60) days from the date of this Order.  *See id.*  Further, he must ask this Court to lift the stay within sixty (60) days of exhausting his state court remedies. *See id.*  "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III.  ORDER

It is **ORDERED** that petitioner file a motion for relief from judgment with the state court within **sixty (60) days** of this Court's order.  If petitioner fails to file

a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in the state court. The case will then be held in abeyance pending petitioner's exhaustion of the claims. Petitioner shall file a motion to lift the stay using the same caption and case number within **sixty (60) days** after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition containing the arguments that he raised before the state courts with respect to these claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of the Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

Dated: March 5, 2024  
Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 5, 2024.

| | |
|---|---|
| **Eddie Leon Donahoo** 513568<br>MICHIGAN REFORMATORY<br>1342 WEST MAIN STREET<br>IONIA, MI 48846 | s/Johnetta M. Curry-Williams<br>Case Manager |