UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE LEON DONAHOO,

    Petitioner,                                      Civil Number 2:22-CV-11019
                                                       HONORABLE SEAN F. COX

v.

JAMES CORRIGAN,

    Respondent.
_____/

**OPINION AND ORDER DIRECTING THE CLERK OF THE COURT TO CHANGE PETITIONER'S ADDRESS ON THE DOCKET SHEET, VACATING THE OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND DIRECTING THE CLERK OF THE COURT TO MAIL A COPY OF THAT ORDER (ECF No. 23) TO PETITIONER, AND GRANTING PETITIONER AN EXTENSION OF TIME TO FILE HIS POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT**

Eddie Leon Donahoo, ("Petitioner"), currently confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for second-degree murder, Mich. Comp. Laws § 750.317.  On March 5, 2024, this Court's predecessor held the case in abeyance and administratively closed the case so that Petitioner could return to the state courts to exhaust some of the claims in his petition.  Petitioner was given sixty (60) days to file his post-conviction motion for

1

relief from judgment in the state court. *Donahoo v. Corrigan*, No. 2:22-CV-11019, 2024 WL 948293 (E.D. Mich. Mar. 5, 2024).

Petitioner has sent a letter to the Court (ECF No. 25), indicating that he never received a copy of Respondent's answer or any other orders from the Court. Petitioner's allegation is confirmed by the fact that the docket sheet indicates that a copy of the opinion and order holding the petition in abeyance was returned as undeliverable to the Court. (ECF No. 24).

Local Rule 11.2 provides a court in the Eastern District of Michigan the authority to dismiss a case for failure to keep the court apprised of address changes. A habeas petitioner has the duty to inform the court of any address changes. *See Thompkins v. Metrish*, No. 2:07–CV–12; 2009 WL 2595604, *1 n. 1 (W.D. Mich. Aug. 20, 2009) (quoting *Kelly v. Wal–Mart, Inc.*, No. 7:07–CV–0089; 2007 WL 2847068, at *1 (N.D.N.Y. Sept. 26, 2007). Petitioner has done so, at least, implicitly, in that the return address on the envelope for the letter is the Lakeland Correctional Facility. The Clerk of the Court is directed to update the docket sheet to reflect that Petitioner is now at the Lakeland Correctional Facility in Coldwater, Michigan.

Fed. R. Civ. P. 60(b) allows a court to reissue an opinion and order where a party to the litigation did not receive timely notice of the judgment or order. *See e.g. Williams v. Arn*, 654 F. Supp. 241, 246 (N.D. Ohio 1987). The opinion and order holding the petition in abeyance of March 5, 2024 (ECF No. 23) is vacated; the Court

reinstates the opinion entered on that date *nunc pro tunc* as of the date of this order. *See Id.,* at 248.

Petitioner is granted a sixty (60) day extension of time to file his motion for relief from judgment with the state trial court. A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See e.g. Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005).

The Clerk of the Court is directed to mail a copy of the "Opinion and Order Holding in Abeyance the Petition for a Writ of Habeas Corpus and Administratively Closing the Case" (ECF No. 23) and a copy of this order by first-class mail to Petitioner at the Lakeland Correctional Facility in Coldwater, Michigan. Petitioner has sixty days from the date of this order to file his state post-conviction motion for relief from judgment with the state trial court. If Petitioner fails to file a motion for relief from judgment with the state court by that date, the Court will dismiss his petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending Petitioner's exhaustion of the claims. Petitioner shall file a motion to lift the stay using the same caption and case number within **sixty (60) days after the conclusion of the state court post-conviction proceedings**. Petitioner is

free at that time to file an amended habeas petition containing the arguments that he raised before the state courts with respect to these claims.

    **SO ORDERED**.

March 5, 2025                                                                                         <u>s/Sean F. Cox</u>
                                                                                               Sean F. Cox
                                                                                               U. S. District Judge